# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW WALKER, | ) |
| Plaintiff, | ) ) ) Case No._____ |
| v. | ) ) ) |
| COVANTA HOLDING CORPORATION, DAVID M. BARSE, RONALD J. BROGLIO, PETER C.B. BYNOE, LINDA J. FISHER, JOSEPH M. HOLSTEN, OWEN MICHAELSON, DANIELLE PLETKA, MICHAEL W. RANGER, ROBERT S. SILBERMAN, JEAN SMITH, and SAMUEL ZELL, | ) ) **COMPLAINT FOR VIOLATIONS OF** ) **THE FEDERAL SECURITIES LAWS** ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) |
| Defendants. | ) |

Plaintiff Matthew Walker ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Covanta Holding Corporation ("Covanta" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9. By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which EQT Infrastructure ("EQT") will acquire the Company through EQT's subsidiaries Covert Intermediate, Inc. ("Parent") and Covert Mergeco, Inc. ("Merger Sub") (the "Proposed Transaction").[1]

---

[1] Non-party EQT is a purpose-driven global investment organization with more than EUR 67 billion in assets under management across 26 active funds. Non-party Parent is an indirect wholly owned subsidiary of funds affiliated with (a) EQT Fund Management S.à r.l. and (b) EQT Infrastructure V Collect EUR SCSp and EQT Infrastructure V Collect USD SCSp (collectively, the "EQT Investors").

2. On July 14, 2021, Covanta announced its entry into an Agreement and Plan of Merger dated that day (the "Merger Agreement"). That agreement provides Covanta stockholders will receive $20.25 in cash for each Covanta common share held. (the "Merger Consideration").[2]

3. On September 2, 2021, Covanta filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Covanta stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. The Court has jurisdiction over defendants because each defendant is either a

---

EQT Fund Management S.à r.l. and the EQT Investors are affiliates of the EQT Infrastructure V fund and EQT AB. Non-party Merger Sub is a Delaware corporation and wholly owned subsidiary of Parent.

[2] The approximate value of the Proposed Transaction is $5.3 billion.

corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and is and has been at all times relevant hereto, a continuous stockholder of Covanta.

10. Defendant Covanta is a Delaware corporation with its principal executive offices located at 445 South Street, Morristown, New Jersey 07960. Covanta's common stock trades on the New York Stock Exchange under the ticker symbol "CVA."

11. Defendant David M. Barse ("Barse") has been a director of the Company since 1996.

12. Defendant Ronald J. Broglio ("Broglio") has been a director of the Company since October 2004.

13. Defendant Peter C.B. Bynoe ("Bynoe") has been a director of the Company since July 2004.

14. Defendant Linda J. Fisher ("Fisher") has been a director of the Company since December 2007.

15. Defendant Joseph M. Holsten ("Holsten") has been a director of the Company since May 2009.

16. Defendant Owen Michaelson ("Michaelson") has been a director of the Company since September 2018.

17. Defendant Danielle Pletka ("Pletka") has been a director of the Company since September 2016.

18.     Defendant Michael W. Ranger ("Ranger") has been President and Chief Executive Officer ("CEO") of the Company since October 29, 2020, and a director since September 2016.

19.     Defendant Robert S. Silberman ("Silberman") is Lead Director and has been a director of the Company since 2004.

20.     Defendant Jean Smith ("Smith") has been a director of the Company since December 2003.

21.     Defendant Samuel Zell ("Zell") has been Chairman of the Board since September 2005, and previously served as a director of the Company from 1999 to 2004. Defendant Zell also previously served as President and CEO from July 2002 to April 2004 and as Chairman of the Board from July 2002 to October 2004.

22.     Defendants identified in paragraphs 11-21 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

23.     On July 14, 2021, Covanta announced in relevant part:

MORRISTOWN, N.J. – Covanta Holding Corporation (NYSE: CVA), a world leader in sustainable waste and energy solutions, today announced that it has entered into a definitive agreement with EQT Infrastructure ("EQT"), whereby EQT will acquire all shares of Covanta common stock for $20.25 per share. The purchase price represents an approximately 37% premium to Covanta's unaffected share price of $14.78 on June 8th, the day prior to initial media speculation of a transaction. The acquisition is subject to Covanta shareholder approval, as well as customary government approvals, and is expected to close in the fourth quarter of this year. The agreement resulted from a competitive sale process and is not subject to a financing condition.

"We are pleased to announce this agreement with EQT," said Michael Ranger, Covanta President and CEO. "Our comprehensive analysis during the past nine months has been singularly focused on enhancing value for our shareholders. EQT certainly recognizes the value we see in our business, and this transaction represents an excellent outcome of our strategic review. Furthermore, as an organization dedicated to sustainability and environmental stewardship, EQT shares our vision for a safer, cleaner and more prosperous future through sustainable waste management thereby ensuring no waste is ever wasted. We couldn't ask for a better partner as we

4

embark on this next phase of our company's evolution, delivering on our goal of building a sustainable future for all stakeholders."

Covanta is the world's leading waste-to-energy provider, operating facilities in North America, Europe and the UK. Annually, Covanta's 40 plus facilities process approximately 21 million tons of waste from municipalities and businesses and convert it into renewable electricity to power over one million homes.

Following the completion of the acquisition, EQT will work with Covanta's management team to build upon its impressive strengths including its portfolio of assets that provide essential waste services to municipalities and commercial customers, its long-term community relationships, as well as its numerous growth opportunities, including through a robust UK project pipeline of new waste-to-energy infrastructure and Covanta's Environmental Solutions platform. Covanta will maintain its corporate headquarters in Morristown, New Jersey and its management team is expected to remain in place.

Alex Darden, Partner within EQT Infrastructure's Advisory Team, said, "EQT and Covanta are proven business leaders who share a like-minded approach to environmental stewardship, and this acquisition aligns directly with EQT's thematic approach of investing in sustainable businesses that have a positive impact on society. EQT is excited to partner with the entire Covanta team and to invest in organizational, operational, and digital technology initiatives that will enhance Covanta's ability to provide sustainable solutions to growing waste challenges. As a responsible investor, EQT is committed to working with Covanta on transforming and supporting the energy transition and circular economy across its local communities."

Sam Zell, Covanta's Chairman of the Board, commented, "This agreement represents the successful completion of many months of work by members of Covanta's senior leadership team as they executed the in-depth review of the company's operations, growth priorities and capital structure announced in October of last year. This fulsome effort culminated in a competitive process that we believe provides the best risk-adjusted value for shareholders."

BofA Securities acted as financial advisor to Covanta and Debevoise & Plimpton LLP provided legal counsel.

**The Proxy Statement Contains Material Misstatements or Omissions**

24.     The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Covanta' stockholders. The Proxy Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

25.     Specifically, as set forth below, the Proxy Statement fails to provide Company

5

stockholders with material information or provides them with materially misleading information concerning: (a) the Company's financial projections; and (b) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor BofA Securities, Inc. ("BofA").

*Material Omissions Concerning the Company's Financial Projections*

26. The Proxy Statement omits material information regarding the Company's financial projections, including the line items underlying: (a) Adjusted EBITDA; (b) Free Cash Flow; (c) North American Unlevered Free Cash Flows; and (d) European Levered Free Cash Flows.

27. The omission of this information renders the statements in the "Forward Looking Financial Information" section of the Proxy Statement false and/or materially misleading in violation of the Exchange Act.

*Material Omissions Concerning the Financial Analyses Relied on by the Board*

28. The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by BofA.

29. The Proxy Statement describes the BofA's fairness opinions and the various underlying valuation analyses. That description, however, omits key inputs and assumptions forming the bases of these analyses. The absence of this material information precludes the Company's public stockholders from fully understanding the BofA's work. As a result, Covanta stockholders cannot assess what significance to place on the BofA's fairness opinion in determining whether to approve the Proposed Transaction or otherwise act.

30. With respect to BofA's *Selected Public Trading Companies Analysis* and *Selected Precedent Transactions Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the companies and transactions analyzed.

31. With respect to BofA's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (a) quantification of the inputs and assumptions underlying the discount rates ranging from 6.25% to 7.25% and 9.50% to 12.50%; (b) the Company's projected net debt as of June 30, 2021; and (c) the number of fully-diluted shares of Company common stock outstanding as of April 23, 2021.

32. With respect to BofA's *Wall Street Analysts Price Targets* analysis, the Proxy Statement fails to disclose the individual price targets observed and the sources thereof.

33. The omission of this information renders the statements in the "Opinion of BofA Securities, Inc." section of the Proxy Statement false and/or materially misleading in violation of the Exchange Act.

34. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Covanta stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

35. Plaintiff repeats all previous allegations as if set forth in full.

36. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

37. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by BofA. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

39. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

40. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of
### Section 20(a) of the Exchange Act

41. Plaintiff repeats all previous allegations as if set forth in full.

42. The Individual Defendants acted as controlling persons of Covanta within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Covanta, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the

decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

43.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

44.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

45.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

46.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

47.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Covanta' stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Covanta, and against defendants, as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Covanta stockholders;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 22, 2021

**LONG LAW, LLC**

By  */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*